*Northern District*

No. 5032

MORRIS GOULDING, et al, d-b-a
CITY SUBURBAN REALTY COMPANY
v.
ANTHONY T. TOSCANO

*Northrup, J.*   This is an action of contract to recover a real estate broker's commission of $900.00 on the sale of a house owned by the defendant. The defendant answered to the merits and also filed a declaration in setoff based upon the alleged nonpayment of a check for $500.00 which was given by the plaintiffs to the defendant and which was returned by the bank marked "insufficient funds".

The case was tried before *Parker J.* who made a general finding for the plaintiffs for $400.00. No specific ruling was made by the trial court on the defendant's declaration in setoff, although it did make a finding of fact that the plaintiffs owed the defendant the amount claimed thereunder. This finding of fact and subsequent events make it indisputable that the finding for the plaintiffs for $400.00 was the amount found by the trial court to be due the plain-

tiffs, in excess of the $500.00 claimed by the defendant in his declaration in setoff and that the court's failure to make a specific finding on the defendant's declaration in setoff, was due to an oversight on the part of the court.

The case went to judgment on December 2, 1955, and execution issued on December 8, 1955. Thereafter the plaintiffs on January 16, 1956 returned the execution to court in no part satisfied, and on February 20, 1956, for the purpose of correcting the finding of the court so as to have it show specifically the trial court's disposition of the defendant's declaration in setoff, filed a motion to vacate judgment and also a motion to correct the court's finding as aforesaid. The court allowed the plaintiffs' motions and made the following additional findings:

> "The court finds for the plaintiffs in the sum of $900.00, execution to issue for $400.00 without interest or costs, being the balance due the plaintiffs after the court's finding for the defendant on his declaration in setoff in the sum of $500.00 without costs."

The defendant duly filed the following requests for rulings which were denied by the court.

1. The plaintiffs so called prevailing party as designated in their motion, as a matter of law have no right to request the court to vacate the finding and judgment rendered in favor of the plaintiffs in setoff.

2. The prevailing party in their motion do not show as a matter of law any right to vacate the judgment rendered in their favor or any legal right to supersede the execution issued to them.

3. There is no special matter raised by the prevailing party not going to the merits of the case that warrant the court in vacating judgment.

The defendant's complaints as set forth in the foregoing requests, are based solely upon the trial court's allowance of the plaintiffs' motion to vacate judgment.

We find no reversible error in the court's denial of these requests. G. L. c. 250, §14, which provides for the vacating of judgment on motion of the prevailing party, reads as follows:

"If final judgment has been rendered in a civil action, the court in which it was entered, may within three months thereafter, if the execution has not been satisfied in whole or in part, vacate it, upon the motion in writing of the prevailing party and dispose of the case as if it had not been entered. Such a motion shall be filed in the case and except by special order of the court, no bond shall be required."

All requirements of this statute were met in the case at bar. The allowance of the plaintiffs' motion to vacate judgment rested in the sound discretion of the court and we find no reversible error in the allowance of same.

It might be argued that, under the circumstances of this case, the trial court, without vacating the judgment, and of its own motion, might have corrected its finding, *nunc pro tunc*, so as to have it conform to the court's original and actual intention. The power of the court in such cases, to correct its rulings and findings by a *nunc pro tunc* order is well settled, and it may be that the case at bar comes within the principle suggested in *Perkins v. Perkins*, 225 Mass. 392, 396 where the court said:—

"The function of a *nunc pro tunc* order in general is to put upon the record and to render efficacious some finding, direction or adjudication of the court made actually or inferentially at an earlier time, which by accident, mistake, or oversight was not made matter of record***."

See: G. L. c. 231, §56.

However whether such right existed in the case at bar, and whether the trial court's omission in its finding might have been corrected in some other manner and without vacating the judgment, we find

it unnecessary to decide for the reason that, in vacating the judgment and following the procedure which the trial court adopted, there was no error prejudicial to the rights of the defendant.

No error having been committed by the denial of defendant's requests for rulings of law number 1-2-3 the following order is to be entered "Report Dismissed".

Martin D. Woolf, for the plaintiff.

Benjamin Nesson, for the defendant.